1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    ISAIAS VASQUEZ,                          Case No. 24-cv-01386-PCP

8                   Plaintiff,                **ORDER GRANTING *IN FORMA
                                              PAUPERIS* APPLICATION,**
9           v.                                **DISMISSING LAWSUIT, AND
                                              DENYING ALL OTHER MOTIONS**
10   JOSE ORTEGA, et al.,
                                              Re: Dkt. No. 2, 5, 7, 10, 11, 13, 14
11                  Defendants.

12          Isaias Vasquez, an inmate at Salinas Valley State Prison, filed this *pro se* civil rights action

13   under 42 U.S.C. § 1983. For the reasons stated below, the Complaint is dismissed. Dismissal is

14   without prejudice to Mr. Vasquez bringing a future lawsuit regarding his medical needs.

15   **I.      Background**

16          On May 10, 2022, Mr. Vasquez arrived at SVSP. Compl. at 8. Shortly thereafter, he began

17   to hear voices in his cell. *Id.* at 9. These voices informed him that he was homosexual and used

18   several slurs. *See id.* An unknown time later, Mr. Vasquez began to hear these voices outside his

19   cell as well, and he believes they were coming from correctional officers. *See id.* He believes that

20   SVSP officers have access to "heat sensor / visual intelligence" technology, and that they use this

21   to "sp[eak] to [him] inappropriately through this device." *Id.* at 10. Mr. Vasquez argues there is a

22   conspiracy among officers to make him believe he hears voices in his head. *See id.*

23          Mr. Vasquez represents that he is the only prisoner hearing these voices. *See id.* at 14.

24   Sometimes the voices prevent him from sleeping. *See id.* at 16. Mr. Vasquez also feels "static

25   some type of energy" that prevents him from sleeping. *See id.*

26          Mr. Vasquez visited mental health services at SVSP. *See id.* at 11. He was prescribed

27   medication that he refused to take. *See id.* Mr. Vasquez filed a grievance about the voices, but

28   prison officials denied it. *See id.* at 12–13.

*United States District Court*
*Northern District of California*

## II.     Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    Analysis

### A.     Harassment

Mr. Vasquez wishes to sue SVSP officials for verbal harassment via the voices and for denying his grievances about the same voices. *See generally* Compl. Neither claim is cognizable.

Mr. Vasquez's allegation that officers are harassing him fails to state a claim. Is it well-settled that allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

In addition, the Court agrees with the grievance reviewer that Mr. Vasquez's claims are "implausible." *See* Compl. Ex. Even though a pro se litigant is entitled to a liberal interpretation of his complaint, that complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (affirming dismissal of a pro se prisoner complaint which did not meet the plausibility standard) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

1
2
3
4
5
6

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The Court does not doubt that Mr. Vasquez hears voices. It is implausible, however, that the voices come from an external source and still manage to follow Mr. Vasquez to all locations and to issue at all times of the day. Moreover, it is illogical that these voices would issue from "heat sensor / visual intelligence" technology, as Mr. Vasquez does not assert that any such technology would have an auditory function.

7
8
9
10

Amendment of this claim would be futile. It is plain from the face of the Complaint that Mr. Vasquez challenges only verbal harassment. *See generally* Compl. Because verbal harassment cannot give rise to a cognizable claim, Mr. Vasquez would be unable to cure this claim with amendment.

11

### B.    Grievance Denial

12

Mr. Vasquez's claim that his grievance was improperly denied is not cognizable.

13
14
15
16
17
18
19
20
21
22
23
24

Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.* Similarly, any failure to properly process or investigate a grievance generally does not constitute a violation of a prisoner's constitutional rights. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *accord Young v. Voong*, 738 F. App'x 509, 510 (9th Cir. 2018) ("Young 'lack[s] a separate constitutional entitlement to a specific prison grievance procedure.'") (citation omitted)." Because there is no allegation that the denial of Mr. Vasquez's grievance caused additional harm to him, this claim is not cognizable.

25
26
27

Amendment of this claim would be futile. It is plain from the face of the Complaint that Mr. Vasquez's only disagreement with the grievance process is that his grievance was denied. *See generally* Compl. Because this disagreement cannot give rise to a cognizable claim, Mr. Vasquez

28

1    would be unable to cue this claim upon amendment.[1]

2        **C.      Requests for Injunctive Relief**

3        Mr. Vasquez seeks an injunction ordering SVSP officers to stop using the "heat sensor" to

4    play voices. He also seeks an injunction ordering SVSP to release the names of any officers using

5    the "heat sensor and such technology" to play voices. Dkt. Nos. 5, 7, 10. He also appears to seek a

6    transfer to another prison yard, but notes that "the transfer is already pending because of the

7    plaintiff good behavior in prison." Dkt. No. 13 at 2.

8        To obtain a preliminary injunction, Mr. Vasquez must meet one of two variants of the

9    same standard. The traditional *Winter* standard requires the movant to show that (1) it "is *likely* to

10   succeed on the merits;" (2) it "is *likely* to suffer irreparable harm in the absence of preliminary

11   relief;" (3) "the balance of equities tips in [its] favor;" and (4) "an injunction is in the public

12   interest." 555 U.S. at 20 (emphases added). Under the "sliding scale" variant of the same standard,

13   "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser

14   showing than likelihood of success on the merits—then a preliminary injunction may still issue if

15   the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are

16   satisfied." *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (emphasis in

17   original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

18   In other words, regardless of the robustness of the showing on the merits required, a plaintiff must

19   demonstrate he or she is likely to suffer irreparable injury in the absence of preliminary relief. It is

20   the plaintiff's burden to fulfill all four elements. *See DISH Network Corp.,* 653 F.3d at 776–77

21   (noting that the plaintiff "must demonstrate that it meets all four of the elements of the preliminary

22   injunction test" "[t]o warrant a preliminary injunction," and concluding that because the plaintiff

23   had failed to satisfy its burden as to one element, the Ninth Circuit "need not consider the

24   remaining three").

25       Here, for the reasons stated above, Mr. Vasquez has not stated a cognizable claim and will

26

27   _____
     [1] For Mr. Vasquez's benefit, the Court notes that its dismissal means he cannot proceed on these
     claims and facts.  If Mr. Vasquez re-files the same claims in a new action, on the same facts, that
28   action also will be dismissed for failure to state a claim.  Every dismissal for failure to state a
     claim is a "strike" under the Prison Litigation Reform Act.

United States District Court
Northern District of California

1 | not be able to do so even with amendment. He therefore does not meet the standard for a
2 | preliminary injunction regarding his verbal harassment and grievance claims.

3 |    Mr. Vasquez's request for a transfer fails because it is not related to the gravamen of his
4 | complaint. *See Armstrong v. Newsom*, 58 F.4th 1283, 1292 (9th Cir. 2023) (explaining that there
5 | must be a "sufficient nexus" between the complaint and any allegations in the injunctive relief
6 | motion). In any event, Mr. Vasquez's request is unnecessary because his transfer is pending.

7 |    **D.**  **Medical Needs**

8 |    Mr. Vasquez does not bring any claim regarding his medical needs, *see generally* Compl,
9 | and the grievance attached to the Complaint reveals that any medical needs claim would be
10 | unexhausted in any case, *see* Compl. Ex. The Court notes, however, that Mr. Vasquez has refused
11 | psychiatric medication and alleges that the voices prevent him from sleeping. *See* Compl. at 11,
12 | 16. For Mr. Vasquez's benefit, the Court explains the standard for a medical needs claim in case
13 | Mr. Vasquez seeks future treatment for a psychiatric disorder and/or sleep deprivation.

14 |    "'The treatment a prisoner receives in prison and the conditions under which he is confined
15 | are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832
16 | (1994) (citation omitted). The Eighth Amendment requires prison officials to "ensure that inmates
17 | receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to
18 | guarantee the safety of the inmates.'" *Id.* A prison official violates the Eighth Amendment when
19 | two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious,
20 | *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison
21 | official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id*.
22 | (citing *Wilson*, 501 U.S. at 297). It is well-established that prison officials must provide care in
23 | response to mental health needs just as they would with respect to any other medical need. *See*
24 | *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (concluding that a mentally ill prisoner
25 | may establish unconstitutional treatment on behalf of prison officials by showing that officials
26 | have been deliberately indifferent to his serious medical needs); *see also Hoptowit v. Ray*, 682
27 | F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general
28 | health care requirements). Under the Eighth Amendment, denial of prescription medication has

United States District Court
Northern District of California

been held to violate a prisoner's constitutional rights. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (concluding that prison officials violate a prisoner's right to medical care under the Eighth Amendment when they "deny, delay or intentionally interfere with medical treatment"); *see also Bowden v. Rowland*, 967 F.2d 584 (9th Cir. 1992) (unpublished) (reversing and remanding dismissal because "the defendants deliberately failed to provide [the plaintiff] with treatment and medication that had been prescribed by physicians" and these allegations stated a valid Eighth Amendment claim).

If Mr. Vasquez seeks psychiatric treatment and/or treatment for his sleep deprivation and such treatment is denied or insufficient, Mr. Vasquez may file a new action.

## IV.   CONCLUSION

1.     The Complaint does not state any cognizable claim. As explained above, its claims are incurable. This Complaint therefore is DISMISSED without leave to amend. Because Mr. Vasquez did not bring a medical needs claim in this action, this dismissal would not bar a future lawsuit to the extent Mr. Vasquez has, and exhausts, a medical needs claim.

2.     Mr. Vasquez's motion to proceed *in forma pauperis* is GRANTED. *See* Dkt. No. 2. The initial partial filing fee is $0.01. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Vasquez and the institution's trust account office. A copy of this order and the attached instructions will be sent to Mr. Vasquez via U.S. mail, and to the California Department of Corrections and Rehabilitation (CDCR) and the court's financial office via email at trusthelpdesk@cdcr.ca.gov and CAND_Finance@cand.uscourts.gov.

The Clerk shall terminate all other pending motions and close the file.

**IT IS SO ORDERED.**

Dated: October 7, 2024

_____
P. Casey Pitts
United States District Judge

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner

Court's Finance Office